# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 10, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**TRAVIS D. HICKS,**
**Claimant Below, Petitioner**

**vs.)    No. 17-0159**  (BOR Appeal No. 2051513)
                                        (Claim No. 2012010991)

**ALPHA CONTRACTING, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Travis D. Hicks, by Reginald Henry his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Alpha Contracting, Inc., by Katherine Arritt and Jeffrey Brannon its attorneys, filed a timely response.

The issue presented in the instant appeal is Mr. Hicks's request for a permanent partial disability award. On July 27, 2015, the claims administrator granted Mr. Hicks a 0% permanent partial disability award for his compensable left knee sprain. The Office of Judges affirmed the claims administrator's decision on August 23, 2016. This appeal arises from the Board of Review's Final Order dated January 20, 2017, in which the Board affirmed the Order of the Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Hicks slipped and injured his left knee in the course of his employment with Alpha Contracting, Inc., on July 5, 2011.[1] Mr. Hicks's claim for workers' compensation benefits was held compensable for a left knee sprain on January 4, 2012. He subsequently underwent three

---

[1] We note that both the Board of Review and Office of Judges incorrectly list the date of injury as June 5, 2011.

independent medical evaluations for the purpose of determining the amount of permanent impairment arising from the compensable injury.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation on May 21, 2015, and authored a report memorializing his findings on May 22, 2015. Dr. Mukkamala found no evidence of instability, crepitus, or deformity upon examination of the left knee and opined that Mr. Hicks sustained 0% whole person impairment as a result of the compensable injury. The claims administrator granted Mr. Hicks a 0% permanent partial disability award on July 27, 2015, based upon Dr. Mukkamala's independent medical evaluation.

Bruce Guberman, M.D., performed an independent medical evaluation on January 12, 2016, and authored a report memorializing his findings on the same date. Dr. Guberman opined that Mr. Hicks sustained 8% whole person impairment as a result of atrophy present in the left calf.

Finally, David Soulsby, M.D., performed an independent medical evaluation on July 7, 2016, and authored a report memorializing his findings on the same date. Dr. Soulsby opined that Mr. Hicks did not exhibit any range of motion abnormalities in the left knee. He also found evidence of bilateral patellofemoral crepitation, which he opined is unrelated to the compensable injury. Dr. Soulsby did not find any evidence of atrophy in the left calf, and opined that Mr. Hicks sustained 0% whole person impairment as a result of the compensable injury.

In its Order affirming the July 27, 2015, claims administrator's decision, the Office of Judges held that Mr. Hicks failed to demonstrate that he sustained any permanent impairment as a result of the compensable injury. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated January 27, 2017. On appeal, Mr. Hicks asserts, per the opinion of Dr. Guberman, that he is entitled to an 8% permanent partial disability award.

The Office of Judges found that only Dr. Guberman, on whose opinion Mr. Hicks relies, assigned an impairment rating for atrophy of the left calf. The Office of Judges further found that both Dr. Mukkamala, who evaluated Mr. Hicks before Dr. Guberman, and Dr. Soulsby, who evaluated Mr. Hicks after Dr. Guberman, not only found no evidence of atrophy but also found that Mr. Hicks sustained 0% whole person impairment as a result of the compensable injury. Therefore, the Office of Judges concluded that Dr. Guberman's opinion is not a credible indication of the amount of Mr. Hicks's whole person impairment attributable to the compensable injury. We agree with the reasoning and conclusions of the Office of Judges, as affirmed by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  October 10, 2017**


**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Elizabeth D. Walker

**DISSENTING:**
Justice Menis E. Ketchum